UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARCO A. BITETTO,

                    Plaintiff,

        -against-                                    1:17-CV-658 (LEK/DJS)

VIRGINIA ROMETTY,

                    Defendant.

_____

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Marco Bitetto, proceeding pro se, brings this action against defendant Virginia Rometty, the chief executive officer of IBM Corp., alleging that Defendant committed copyright infringement and unfair competition by publishing and selling a book that used material from a work that Plaintiff authored. Dkt. No. 1 ("Complaint") ¶¶ 1–8. Before the Court is Defendant's motion to dismiss. Dkt. Nos. 17 ("Motion"); 17-1 ("Memorandum"). For the reasons that follow, the Motion is granted.

## II.    BACKGROUND

### A.  Factual History

The facts stated in this section are set forth as alleged in the Complaint, although many of the facts that form the basis of this action are not entirely clear.[1] Plaintiff authored a book entitled

---

[1]  Plaintiff attached two documents to his Complaint. Compl. at 4–5. To the extent that the attached documents are relevant to the incidents described in the Complaint, they have been considered by the Court. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (stating that the court may consider any written documents that are attached to a complaint, incorporated by reference, or are "integral" to it).

"NERVOTRON: A Functional Silicon Analog to the Neuron." Compl. ¶ 1. He authored the book "[b]efore 16 June 2017." Id. He applied for a copyright for Nervotron and "received a certificate of registration dated 15 September 2017." Id. ¶ 5. "After the copyright was issued," Plaintiff alleges that Defendant "infringed the copyright by using, publishing and selling rights to use material from" his book, and that she "continues to infringe the copyright by continuing to publish and sell the book in violation of the copyright, and further has engaged in unfair trade practices and unfair competition in connection with its publication." Id. ¶¶ 6, 8.

### B.  Procedural History

Plaintiff commenced this action on June 19, 2017. Compl. His Complaint alleges that Defendant committed copyright infringement and unfair competition by publishing a book that contained material from Nervotron. Compl. ¶¶ 1–8. Defendant moved to dismiss the Complaint on November 14, 2017. Mot; Mem. Plaintiff filed a response, Dkt. Nos. 21 ("Response"); 22 ("Plaintiff's Exhibits"), and Defendant replied, Dkt. No. 23 ("Reply"). On December 14 and 15, 2017, Plaintiff submitted two surreplies pursuant to Local Rule 7.1(b)(1). Dkt. Nos. 24, 26 ("Stricken Surreplies"). The Court struck both surreplies. Dkt. Nos. 25, 27. Between December 18, 2017, and January 16, 2018, Plaintiff submitted five more surreplies. Dkt. Nos. 28–30, 32–33 ("Surreplies").

## III.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of the

nonmoving party. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility,

however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard

Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S.

at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct

based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the

action is subject to dismissal. Id. at 678–79.

Finally, given Plaintiff's pro se status, the Court is obligated to construe the allegations in

the Complaint with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972)

(holding that a pro se litigant's complaint is to be held "to less stringent standards than formal

pleadings drafted by lawyers").

## IV.    DISCUSSION

Defendant argues that Plaintiff fails to plead his copyright infringement and unfair

competition claims with sufficient detail, and that his unfair competition claim is preempted by

the Copyright Act. Mem. at 5–13. The Court addresses these arguments below.

### A.  Copyright Infringement

*1. Complaint*

To sufficiently plead a copyright infringement claim, "a plaintiff must allege '1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.'" Ranieri v. Adirondack Dev. Grp., LLC, No. 11-CV-1013, 2013 WL 1292010, at *3 (N.D.N.Y. Mar. 27, 2013) (quoting Palmer Kane LLC v. Scholastic Corp., No. 12-CV-3890, 2013 WL 709276, at *2 (S.D.N.Y. Feb. 27, 2013)). "In order to provide the defendant with notice of the claims against it, a plaintiff 'may not rest on bare-bones allegations that infringement occurred.'" Id. (quoting Palmer Kane, 2013 WL 709276, at *2).

Plaintiff falls far short of adequately describing "by what acts" Defendant infringed upon his copyright in Nervotron. First, the allegations of copyright infringement are conclusory and vague. Plaintiff does not provide any factual detail to suggest how Defendant "us[ed], publish[ed], and s[old] rights to use material from" his book. Compl. ¶ 6. In fact, although Plaintiff states that Defendant has sold an "infringing book," he does not identify this book,[2] or state what portions of Nervotron Defendant allegedly copied. His failure to provide any factual detail to support his allegations is fatal to his copyright infringement claim. See Lennon v. Seaman, No. 99-CV-2664, 2002 WL 109525, at *6 (S.D.N.Y. 2002) (finding that defendant failed to "identify 'by what acts' . . . plaintiff infringed his copyright" where defendant alleged

---

[2] Plaintiff states that a copy of Nervotron was attached to his initial submission as Exhibit A, and that Defendant's book is attached as Exhibit B. Compl. ¶¶ 3, 6. However, Plaintiff only attached one document, titled "Exhibit A & B," Dkt. No. 1-1, and this document appears to only be a copy of Nervotron. Defendant's allegedly infringing book is not identified or attached in any submission.

only that plaintiff "cop[ied], publish[ed], distribut[ed], s[old] and transferr[ed defendant's] [p]hotographs"); Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (finding that allegations were too vague to support a copyright infringement claim where plaintiff "allege[d] that parts of his songs were reproduced" in songs written by defendant but did not provide more factual detail); Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp., 763 F. Supp. 1, 4 (S.D.N.Y. 1991) ("In applying Rule 8 to copyright infringement actions, courts have required that particular infringing acts be alleged with some specificity." (alterations and internal quotation marks omitted)).

Moreover, the Court cannot comprehend Plaintiff's allegations regarding the timing of Defendant's alleged infringement. Plaintiff initiated this action on June 19, 2017. Compl. He states that he received a certificate of registration for his copyright on September 15, 2017, three months later. Compl. ¶ 5. He then states that Defendant did not begin selling and publishing "material from" his book until an unspecified point *after* September 15. Not only do these allegations still fail to specify precisely when Defendant allegedly infringed his copyright, but the assertion that Defendant has committed wrongdoing three months in the future is nonsensical. See In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent."). Plaintiff's failure to coherently allege when Defendant allegedly infringed his copyright provides another basis for the Court to dismiss his infringement claim. See Palmer Kane, 2014 WL 1303135, at *4 (dismissing copyright infringement claim where plaintiff did not specify "the time period in which [defendant] infringed on [plaintiff's] copyrights"); Kelly, 145 F.R.D. at 36 (holding that, to adequately plead copyright infringement, a

5

plaintiff must allege "by what acts *during what time* the defendant infringed the copyright" (emphasis added)).

### 2. Response

While a court typically "may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss[,] . . . the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider [a] plaintiff's additional materials, such as his opposition memorandum." Gadson v. Goord, No. 96-CV-7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997). Accordingly, the Court has reviewed Plaintiff's Response to determine whether it adds sufficient factual detail to remedy the defects identified in his Complaint. The Court concludes that it does not. Plaintiff states that "the 'IP' property registration was done in 1995," argues that "there is no issue of fair use," and provides attached articles that purportedly support Plaintiff's argument that "IBM . . . inten[ded] to commercialize[] the infringed upon IP protected matter." Resp. at 1.[3]

The Response, like the Complaint, suffers from a near-complete absence of factual detail. As mentioned above, to adequately plead copyright infringement, Plaintiff must identify which of his copyrighted works form the basis of his claim. It is not clear that Plaintiff's vague reference to "IP protected matter" is a reference to Nervotron. Even if Plaintiff is referring to Nervotron, he does not explain which portions of the book IBM allegedly infringed upon, when IBM performed this infringing activity, or by what acts IBM infringed on his copyright. Moreover, IBM is a distinct entity from Defendant. See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 163

---

[3] The cited page numbers for this document refer to those generated by the court's electronic filing system ("ECF").

(2001) ("The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status."). An allegation that IBM infringed on Plaintiff's copyright, without more, is not an allegation that Defendant infringed on Plaintiff's copyright. For these reasons, Plaintiff's Response does not remedy the defects in his Complaint.

### B. Unfair Competition

In a single sentence in his Complaint, Plaintiff alleges that Defendant "has engaged in unfair trade practices and unfair competition in connection with its publication and sale of the infringing book." Compl. ¶ 8. Defendant argues both that Plaintiff fails to plead his unfair competition claim with sufficient specificity, and that the claim is preempted by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Mem. at 11–14. The Court does not address whether Plaintiff pleads an unfair competition claim with adequate detail because it finds that the claim is preempted by the Copyright Act.

"In order for a state cause of action to survive [Copyright Act] preemption, it must have an 'extra element' beyond reproduction, preparation of derivative works, [or] distribution . . . , which 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim.'" BanxCorp v. Costco Wholesale Corp., 723 F. Supp. 2d 596, 617 (S.D.N.Y. 2010) (quoting Gusler v. Fischer, 580 F. Supp. 2d 309, 316 (S.D.N.Y. 2008)). "[U]nfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted." Id. (alteration in original) (quoting Computer Assocs., Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 717 (2d Cir. 1992)).

Plaintiff's unfair competition claim is premised solely on Defendant's "publication and

sale of the infringing book," Compl. ¶ 8, which is plainly a "claim[] grounded solely in the copying of . . . [P]laintiff's protected expression," <u>BanxCorp.</u>, 723 F. Supp. at 617. Plaintiff does not identify an "extra element" that would distinguish his unfair competition claim from a copyright infringement claim, and he does not respond to Defendant's preemption argument in his Response. Therefore, Plaintiff's unfair competition claim is preempted and must be dismissed.

**C. Surreplies**

Finally, the Court turns to the seven surreplies Plaintiff submitted in this action, Stricken Surreplies; Surreplies, and finds that they do not remedy the defects found in his copyright infringement or unfair competition claims. In December 2017, the Court struck the first two surreplies, explaining that the filings were not permitted under the Local Rules. Dkt. No. 25 (citing L.R. 7.1(b)). The remaining five surreplies are somewhat incoherent, and do not provide any support to the allegations in Plaintiff's Complaint or Response. Instead, without any analysis or evidence, Plaintiff accuses Defendant of lying and making arguments "not based upon reality," and states that the fact that Defendant is represented by numerous law firms is evidence that IBM is hiding something. Surreplies. One of the surreplies cites three cases where a court "ruled that copyrighted patentable items were equivalent to patentable items." Dkt. No. 33. These cases appear unrelated to this action, and Plaintiff does not suggest how they support his allegations.

Because Plaintiff fails to state a claim for copyright infringement or unfair competition in his Complaint or Response, and because his surreplies provide no support for his allegations, the Court grants Defendant's Motion.

### D.  Leave to Replead

The Second Circuit has stated that a "court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). However, here, it is clear from the Complaint—and from Plaintiff's inability to bolster his pleading in the eight additional submissions that he made in this action—that an amended complaint would not remedy the substantive shortcomings of his claims. "[A]n opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. . . . This rule applies even to *pro se* plaintiffs." Barnes v. Crist, No. 13-CV-505, 2014 WL 1293408, at *1 (N.D.N.Y. Mar. 28, 2014). Because granting leave to amend would be futile, the Court dismisses the Complaint with prejudice.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment for Defendant and to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 16, 2018
                Albany, New York

Lawrence E. Kahn
U.S. District Judge